IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALLEN RAY RUDD, <br> AIS #238273, <br><br> Plaintiff, <br><br> v. <br><br> JOHN CROWE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 2:20-CV-561-CSC <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Allen Ray Rudd an indigent state inmate. In the instant complaint, Rudd challenges conditions at Easterling Correctional Facility in light of the COVID-19 pandemic. Doc. 17 at 2–3.

The defendant filed a special report and supplement to the report supported by relevant evidentiary materials, including properly sworn declarations, medical records and other documents, in which he addresses the claims for relief presented by Rudd. Specifically, the defendant denies violating Rudd's constitutional rights with respect to the conditions at issue in this case.

Upon review of the defendant's special report, supplement thereto and supporting evidentiary materials, the court entered an order directing Rudd to file a response to the defendant's report. Doc. 27. The order advised Rudd his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the**

**complaint and as a failure to prosecute this action**." Doc. 27 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [Rudd] that [his failure] to file a response in compliance with the directives of this order**" would result in a Recommendation by the undersigned for dismissal of this civil action.  Doc. 27 at 1 (emphasis in original).  The docker indicates Rudd received a copy of this order.

The time allotted Rudd for filing a response in compliance with the directives of this order expired on February 4, 2021.  Doc. 27 at 1.  As of the present date, Rudd has failed to file a response in opposition to the defendant's written report.  In light of Rudd's failure to file a requisite response, the court finds this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007).   After such review, it is clear that dismissal of this case is the proper course of action.  Specifically, Rudd is an indigent inmate.  Thus, imposition of monetary or other punitive sanctions against him would be ineffectual. Furthermore, Rudd's inaction in the face of the defendants' report, as supplemented, and this court's order suggests a loss of interest in the continued prosecution of this case. Finally, it likewise appears that any additional effort by this court to secure Rudd's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the undersigned concludes the abandonment of this case by Rudd and his failure to comply with an order of this court warrant dismissal.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been

forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is ORDERED that:

1. This case is dismissed without prejudice.

2. Other than the filing fee assessed to the plaintiff, no costs are taxed herein.

A separate Final Judgment will be entered.

DONE this 2nd day of March, 2021.

/s/   Charles S. Coody.
UNITED STATES MAGISTRATE JUDGE